Kenneth AUST, Appellant,

v.

**CONROE INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 09–04–063 CV.

Court of Appeals of Texas, Beaumont.

Submitted on Sept. 2, 2004.

Decided Dec. 16, 2004.

Charles A. Watson, Shana O'Neal Calderon, Collins & Watson, LLP, Houston, for appellant.

Clay T. Grover, Robert M. Dunn, Jr., Feldman & Rogers, LLP, Houston, for appellee.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

DON BURGESS, Justice.

Kenneth Aust sued the Conroe Independent School District ("District") alleging the District retaliated against him after he filed a workers' compensation claim. Aust appeals the trial court's grant of summary judgment in favor of the District. We will reverse and remand.

Aust, an electrician's helper, worked for the District for approximately nineteen years. In December, 2000, he injured his knee while getting out of a maintenance truck. Aust filed a workers' compensation claim and had surgery that was only partially successful in repairing his knee. Continuing to have knee problems, Aust unsuccessfully sought light duty work. In November, 2001, the District informed Aust his electrical helper position was being eliminated, moved Aust to another department, and decreased his salary. Aust resigned and filed his lawsuit against the District, asserting retaliation and constructive discharge. The District filed a motion for summary judgment, which was granted by the trial court without a hearing.

In challenging Aust's retaliation claim, the District contended Aust presented no evidence of a causal link between Aust's filing a worker's compensation claim and the District's transferring Aust and reducing his salary and no evidence demonstrating a retaliatory motive on the District's part. As to Aust's constructive discharge cause of action, the District maintained Aust had no evidence of intolerable working conditions and no evidence of a causal link between his filing a worker's compensation claim and his alleged constructive discharge. Aust brings two issues; both relate to his retaliation claim. Issue one contends the trial court erred in granting summary judgment because the District failed to show it had a legitimate reason for demoting him and reducing his salary. Issue two maintains that even if the district presented sufficient evidence to shift the burden to him, summary judgment was improper because he presented evidence raising a fact issue on retaliatory intent.

### Standard of Review

While neither designating its motion as a "no-evidence" motion nor citing Rule 166a(i), the District maintained Aust could not produce any evidence of certain elements of his causes of action.[1] Thus,

---

1. The District did not follow suggested standards for clearly delineating its basis for summary judgment. *Binur v. Jacobo,* 135 S.W.3d 646, 651 (Tex.2004). In fact, as its standard of review, the motion articulates the traditional standard with citations to *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). Additionally confusing is the District's citation of Rule 166a(c) (the traditional rule) for certain standards that ac-

we construe the District's motion to be a no evidence motion. *See Binur v. Jacobo*, 135 S.W.3d 646, 651 (Tex.2004) ("If a motion clearly sets forth its grounds and otherwise meets Rule 166a's requirements, it is sufficient.") We review the trial court's grant of a no-evidence summary judgment motion under the standards set forth in Rule 166a(i). *See* TEX.R. CIV. P. 166a(i). In order to defeat a no-evidence summary judgment motion before the trial court, the non-movant is required to produce summary judgment evidence raising a genuine issue of material fact regarding each element challenged by the movant. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex.2004). The non-movant raises a genuine issue of material fact by producing "more than a scintilla of evidence" establishing the challenged element's existence and may use both direct and circumstantial evidence in doing so. *Id.* at 600–01. To determine if the non-movant produces more than a scintilla of evidence, we view the evidence "in the light most favorable to the non-movant," while disregarding all contrary evidence and inferences. *Ridgway*, 135 S.W.3d at 601; *King Ranch v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). More than a scintilla exists where the evidence is such that it " 'would enable reasonable and fair-minded people to differ in their conclusions.' " *Ridgway*, 135 S.W.3d at 601 (quoting *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997) (other quotations omitted)). But, if " 'the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evi-

dence.' " *Id.* (quoting *Kindred v. Con/ Chem, Inc.*, 650 S.W.2d 61, 63 (Tex.1983)). Where, as here, the trial court granted summary judgment without specifying the grounds, the appellant must show it is error to base the judgment on any ground asserted in the summary judgment motion. *Dow Chemical Co. v. Francis*, 46 S.W.3d 237, 242 (Tex.2001).

Before applying the summary judgment standards, we first must determine what evidence was before the trial court when it granted summary judgment.

Both parties filed motions to strike. In its motion to strike, the District objected to deposition excerpts from the depositions of Aust's co-workers; the District contended that the excerpts were not competent summary judgment evidence because the witnesses did not have personal knowledge of the events about which they were testifying. The District also objected to the transcript of a tape recorded conversation between one of Aust's supervisors and an investigator hired by Aust. The District contended there was no showing the recording fairly represented the conversation. Aust raised various objections to affidavits from three District employees.

Neither party contends it obtained any ruling, explicit or implicit, on its objections. And, we find nothing in the record indicating the trial court explicitly ruled on either party's objections; there was no hearing on the District's motion and neither the trial court's order nor its final judgment included any ruling on objections. Further, neither the order nor the judgment indicate that the trial court implicitly ruled on the objections.[2] *See Jones v. Ray Ins.*

tually are contained in Rule 166a(i) (the "no-evidence" rule). *See* TEX.R. CIV. P. 166(a).

**2.** Neither the order nor the judgment contain any language indicating the trial court reviewed "all competent summary judgment ev-

idence," language that has been found adequate to support a finding the trial court implicitly sustained objections to the appellant's summary judgment evidence. *See Frazier v. Yu*, 987 S.W.2d 607, 610 (Tex.App.-Fort Worth 1999, pet. denied). However, in an

*Agency,* 59 S.W.3d 739, 753 (Tex.App.-Corpus Christi 2001), *pet. denied,* 92 S.W.3d 530 (Tex.2002) (noting that "for there to be an 'implicit' ruling ... there must be something in the summary judgment or the record to indicate [that] the trial court ruled on objections other than the mere granting of the summary judgment."); *Rogers v. Continental Airlines, Inc.,* 41 S.W.3d 196, 200 (Tex.App.-Houston [14th Dist.] 2001, no pet.) (party waived objections to summary judgment evidence where there was no order in the record sustaining objections, and the order granting summary judgment did not reflect that the trial court considered objections); *Well Solutions, Inc. v. Stafford,* 32 S.W.3d 313, 317 (Tex.App.-San Antonio 2000, no pet.) ("In short, a trial court's ruling on an objection to summary judgment evidence is not implicit in its ruling on the motion for summary judgment; a ruling on the objection is simply not 'capable of being understood' from the ruling on the motion for summary judgment.")

■■■ In addition, the presence of a Mother Hubbard clause in the final judgment denies claims for relief, but does not overrule objections. *See Well Solutions,* 32 S.W.3d at 317. As there is no order sustaining or overruling either party's objections, and nothing in the judgment indicates the trial court considered them, the contested evidence remains a part of the summary judgment evidence. *See Wright v. Greenberg,* 2 S.W.3d 666, 676 (Tex.App.-Houston [14th Dist.] 1999, pet. denied).

### *Applicable Law*

■■■ Chapter 451 of the Texas Labor Code, commonly called the Anti–Retaliation Law, provides, "A person may not discharge or in any other manner discriminate against an employee because the employee has ... filed a workers' compensation claim in good faith" or otherwise participated in a workers' compensation claim or suit in specified ways. TEX. LAB.CODE ANN. § 451.001 (Vernon 1996); *see Kerrville State Hosp. v. Fernandez,* 28 S.W.3d 1, 4 & n. 1 (Tex.2000). The purpose of the statute is "to protect persons entitled to benefits under the Workers' Compensation Act and to prevent them from being discharged for filing claims to collect those benefits." *Trico Techs. Corp. v. Montiel,* 949 S.W.2d 308, 312 (Tex.1997) (per curiam). The Act is thus a statutory exception to the common-law employment-at-will doctrine. *Alayon v. Delta Air Lines, Inc.,* 59 S.W.3d 283, 287 (Tex.App.-Waco 2001, pet. denied).

■■■ The essential elements of a retaliation cause of action are: (1) an employee, who (2) is discharged or discriminated against in any manner (3) because the employee has filed a workers' compensation claim in good faith and (4) the discharge or discrimination would not have occurred when it did "but for" the filing of the claim. TEX. LAB.CODE ANN. § 451.001(1) (Vernon 1996); *Continental Coffee Prods. Co. v. Cazarez,* 937 S.W.2d 444, 450 (Tex.1996); *Alayon,* 59 S.W.3d at 287. The employee has the burden of establishing a causal link or connection between the employee's filing a workers' compensation claim and the employer's alleged retaliatory action. *Continental Coffee,* 937 S.W.2d at 450; *Duhon v. Bone & Joint Physical Therapy Clinics,* 947

unpublished opinion, this Court previously has declined to adopt the Frazier rationale. *Nelson v. Dykeman,* No. 09–01–226–CV, 2002 WL 538811, *1 to *3 (Tex.App.-Beaumont April 11, 2002, pet. denied) ("we decline to impose a rule that would essentially require the appellant to preserve error regarding the opposing party's objections to the summary judgment record. Absent a clear indication that the trial court actually excluded evidence offered in accordance with Rule 166a, its inclusion in the record must be presumed.")

S.W.2d 316, 319 (Tex.App.-Beaumont 1997, no writ). The workers' compensation claim also need not be the sole cause of the discrimination. *See Jenkins v. Guardian Industries Corp.,* 16 S.W.3d 431, 436 (Tex. App.-Waco 2000, pet. denied).

■ In workers' compensation retaliation claims, we apply a burden-shifting analysis. *Jenkins* 16 S.W.3d at 434, 441 (applying burden-shifting analysis in traditional summary judgment). Once the employee has established the causal link, the employer bears the burden to rebut the alleged retaliatory action by showing there was a legitimate reason behind it. *Continental Coffee,* 937 S.W.2d at 451. Then the employee has the burden either to: (1) produce evidence raising a fact issue on whether the employer's stated reason was a pretext for retaliatory action or (2) challenge the employer's summary judgment evidence as failing to prove as a matter of law that the stated reason was legitimate and nondiscriminatory. *See Benners v. Blanks Color Imaging, Inc.,* 133 S.W.3d 364, 369 (Tex.App.-Dallas 2004, no pet.) (applying burden-shifting analysis in no-evidence summary judgment and, as support, citing *M.D. Anderson Hosp. and Tumor Institute v. Willrich,* 28 S.W.3d 22, 24 (Tex.2000) (discrimination case)). The employee's subjective beliefs are, however, no more than conclusions. *Texas Division–Tranter, Inc. v. Carrozza,* 876 S.W.2d 312, 314 (Tex.1994).

■ In his two issues, Aust asserts the trial court erred in granting summary judgment because the District failed to show it had a legitimate reason for demoting him and reducing his salary and, alternatively, if the district could establish a legitimate reason, summary judgment still was improper because he presented evidence raising a fact issue on retaliatory intent. Aust's contentions, however, presume that he first established a causal link

between the District's alleged retaliatory action and his filing the workers' compensation claim. *See Continental Coffee,* 937 S.W.2d at 450. As the District maintains Aust failed to establish a causal link, we first review Aust's evidence on that issue under the no-evidence standard. In doing so, we examine the record in the light most favorable to Aust and disregard all contrary evidence and inferences. *Chapman,* 118 S.W.3d at 750–51. Aust is only required to produce "more than a scintilla" to avoid summary judgment. *Ridgway,* 135 S.W.3d at 600.

■ Aust may establish a causal link by either direct or circumstantial evidence. *Continental Coffee,* 937 S.W.2d at 451; *Jenkins,* 16 S.W.3d at 435–36. Circumstantial evidence may include: (1) knowledge of the compensation claim by those making the decision on termination; (2) expression of a negative attitude toward the employee's injured condition; (3) failure to adhere to established company policies; (4) discriminatory treatment in comparison to similarly situated employees; and (5) evidence that the stated reason for the discharge was false. *Id.* These five examples of circumstantial evidence, however, are not necessary elements of retaliation. *See Alayon,* 59 S.W.3d at 289; *Dallas Area Rapid Transit v. Johnson,* 50 S.W.3d 738, 741 (Tex.App.-Dallas 2001, no pet.).

■ While Aust maintains he presented both direct and circumstantial evidence of the causal link, we review his circumstantial evidence first. Aust testified his supervisors knew he had filed a workers' compensation claim and that Dick Perryman, one of his supervisors, had expressed a negative attitude toward Aust's injured condition. On more than one occasion after Aust's injury, Perryman told Aust he was not worth his salary. Aust also testi-

fied he was not treated the same as other employees who were injured or ill, but had not filed workers' compensation claims; those employees were allowed to work in the warehouse on "light duty," an option not offered to Aust. In addition, Aust also presented evidence that the District's stated reason for his transfer—safety concerns—was false. Aust testified he was told he was being transferred because his position in the electrical department was being eliminated, but that two months after he resigned, the District hired someone else to fill his old position. Aust, thus, has presented circumstantial evidence on most of *Continental Coffee* factors. *See Continental Coffee,* 937 S.W.2d at 451.

Examining the record in the light most favorable to Aust, we find he has produced more than a scintilla of circumstantial evidence of the causal link between the District's alleged retaliatory action and his filing a workers' compensation claim. *Chapman,* 118 S.W.3d at 750–51. A review of Aust's direct evidence is unnecessary.[3]

■ Having determined that Aust met his initial burden on causal link, we now consider whether the District met its burden to show a legitimate reason for the alleged retaliation. *Continental Coffee,* 937 S.W.2d at 451. Through the affidavit of Robert H. Burns, the District presented evidence that Aust was transferred for a legitimate reason—concern for worker safety, a statutory duty of the employer. *See* TEX. LAB.CODE ANN. § 411.103 (Vernon 1996).

■ With the District's having provided evidence of a legitimate reason for transfer, the burden became Aust's either to (1) produce evidence raising a fact issue on whether the stated reason was a pretext for retaliatory action or (2) challenge the employer's summary judgment evidence as failing to prove as a matter of law that the stated reason was legitimate and nondiscriminatory. *See Benners,* 133 S.W.3d at 369.

According to Aust, Perryman said Aust was being transferred because his position in the electrical department was being eliminated. However, only two months after Aust resigned, the District hired someone else to fill his old position, an action belying any neutral reason for eliminating the job. Further, in its summary judgment motion, the District articulated a completely different reason—worker safety—for Aust's transfer and the resulting decrease in his salary. But whether worker safety was involved is also controverted by Aust's testimony that his new duties were as physically challenging as his old ones had been.

In addition, Aust provided a specific example of Perryman's negative attitude towards Aust's injury. And, according to

---

3. As direct evidence, Aust referred us to a transcript of a telephone conversation between Dick Perryman, one of Aust's supervisors, and a private investigator hired by Aust to determine whether the District was providing negative references to Aust's prospective employers. According to the transcription, Perryman cautioned the investigator to look carefully at any job application of Aust's. Ultimately, Perryman stated he could not rehire Aust, explaining that "I'm going to say something, and I—it's totally against what I think I should do, but I'm going to do it anyway.

Workers' comp." Perryman continued: "This conversation didn't happen."

The District, however, maintains the transcription is not competent summary judgment evidence because Aust has not shown that the tape recording fairly represents the purported conversation. The District further argues that while the individual who typed the transcript has certified she accurately transcribed the tape, she does not know Perryman, has never heard his voice and cannot properly authenticate the tape.

Aust, other specifically injured or ill employees who had not filed workers' compensation claims were allowed to work in the warehouse on "light duty," an option not offered to Aust. Aust's testimony thus provides some evidence that his filing a workers' compensation claim was a factor in the District's decision to transfer him to a lower paying job.

Here, we review the record in the light most favorable to Aust, disregarding all contrary evidence and inferences, to determine if Aust has produced more than a scintilla of evidence raising a fact issue on whether the District's stated reason was a pretext for retaliatory action. *Ridgway*, 135 S.W.3d at 601; *Chapman*, 118 S.W.3d at 750–51; *see Benners*, 133 S.W.3d at 369. Indulging reasonable inferences from the record in favor of Aust, we find Aust's testimony is more than a scintilla of evidence raising a fact issue on the District's retaliatory intent. *See Kokes v. Angelina College*, 148 S.W.3d 384, 393 (Tex.App.-Beaumont 2004, no pet. h.) (opinion on original submission).

Issues one and two are sustained. The trial court's order granting summary judgment in favor of the District is reversed, and this cause is remanded to the trial court for further proceedings.

REVERSED AND REMANDED.

DAVID GAULTNEY, Justice, dissenting.

I respectfully dissent. Plaintiff admits he could not safely perform his job duties as an electrician's helper. Under the circumstances, he needed a different job. The District offered him a position at the same salary but with less strenuous requirements. Plaintiff declined this offer because it would interfere with a second job he held with another employer.

Robert Burns, CISD's Director of Facilities and Maintenance Operations, met with Aust and concluded worker safety required a job transfer. He transferred plaintiff to a different position in another department. That department had a different salary structure, and the result was decreased pay for Aust. Certainly the transfer was a consequence of Aust's injury, but there is no competent evidence Burns made the transfer decision in retaliation for Aust filing a compensation claim.[1]

Aust says he was given a false explanation for his transfer. He says his old job was not eliminated and his new job was not safer. However, even if the reason given to plaintiff was false, that alone is insufficient to show a retaliatory motive for the transfer. *Benners v. Blanks Color Imaging, Inc.*, 133 S.W.3d 364, 371 (Tex.App.-Dallas 2004, no pet.). Liability is not based on the correctness of the employer's proffered explanation. In a case involving disability discrimination, the Supreme Court has held the relevant inquiry is not solely whether a reason given by the employer was false, but whether disability was a motivating factor. *See Wal–Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735, 739 (Tex.2003) (Plaintiff must show the reason proffered by the employer was false and discrimination was a reason). The same is true here. Aust was required to submit evidence that a factor in Burns' decision was retaliation for his filing a compensation claim. *See Elgaghil v. Tar-*

---

1. Any reference to workers' compensation made by Perryman to someone he thought was a prospective employer months after Aust left the District is not actionable as retaliation. Retaliation claims under the Workers' Compensation Act require an employer/employee relationship. *See Stoker v. Furr's, Inc.*, 813 S.W.2d 719, 722 (Tex.App.-El Paso 1991, writ denied). Furthermore, Perryman was not the ultimate decisionmaker for the transfer. Burns was.

*rant County Junior Coll.*, 45 S.W.3d 133, 140 (Tex.App.-Fort Worth 2000, pet. denied). Absent competent evidence retaliation was a motivating factor for Burns' transfer decision, summary judgment was proper. I would affirm the trial court's judgment.