Affirmed and Memorandum Opinion filed March 17, 2005









Affirmed and Memorandum Opinion filed March 17, 2005.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00257-CV

____________

 

LOUIS CALZADA, JR., Appellant

 

V.

 

NAMASCO
CORPORATION,
Appellee

 



 

On Appeal from the 149th
District Court

Brazoria County, Texas

Trial Court Cause No. 22566*RM02

 



 

M E M O R A N D U M   O P I N I O N

Appellant Louis Calzada, Jr. appeals from
the trial court’s grant of summary judgment in favor of his former employer,
appellee Namasco Corporation.  Calzada
claims that there are fact issues regarding whether Namasco terminated his
employment in retaliation for filing a workers’ compensation claim.  We affirm.

                          Factual and Procedural Background








The undisputed
summary judgment evidence establishes the following.  Namasco hired Calzada on August 9, 2001 as a
warehouseman on the second shift.  On
November 19, 2001, Calzada suffered an on-the-job injury, and Namasco filed a
workers’ compensation claim on Calzada’s behalf.  Calzada was released to work modified job
duties on December 19, 2001, and Namasco transferred Calzada to the first shift
to allow him to perform light duty work. 
Calzada was released to work full duty without restrictions on October
31, 2002, and he was to return to his regular position on the second shift.  Namasco discharged Calzada shortly
thereafter, on November 4, 2002.  The
reason for the discharge is the basis of this lawsuit.

According to Namasco, during 2002, Namasco
implemented “Project Focus,” a corporate-wide initiative to reduce operating
expenses and increase overall return on capital.  This was to be done through a variety of
measures, including increasing sales, increasing prices, better inventory
management, and minimizing the number of employees and overtime hours
worked.  Also, the Houston Branch Manager,
Mike Regitz, received indications at the end of the third quarter and beginning
of the fourth quarter of 2002 that business at the Houston facility would soon
take a sharp downturn.  Because of
Project Focus and the indications of a business downturn, Regitz closely
examined how to reduce expenses and operate more efficiently.

When Calzada was released to return to
full duty on October 31, 2002, Regitz and Calzada’s supervisor, Curtis
Anderson, were studying the second shift ,which was Calzada’s shift, to
determine whether to reduce the number of employees.  They decided that current business
conditions, along with the cost-cutting mandate of Project Focus and the
projected business downturn at the Houston facility, justified layoffs.  Anderson and Regitz decided to eliminate
Calzada’s position because he had the least seniority of any employee on the
second shift and because they determined that his position was not essential to
the operation of the shift.  Eleven more
warehouse employees, constituting approximately fifty percent of the Houston
warehouse workforce, left the workforce over the next five months.  Six of these employees left voluntarily and
were not replaced, and five were discharged. 
Of the discharged employees, Calzada is the only employee to have filed
a workers’ compensation claim.








Calzada filed this lawsuit, claiming that
he was discharged in retaliation for filing a workers’ compensation claim,
which is prohibited by section 451.001 of the Labor Code.  See Tex.
Lab. Code Ann. § 451.001(1) (Vernon 1996).  Namasco moved for summary judgment, asserting
that Calzada cannot establish either a causal relationship between filing a
workers’ compensation claim and his discharge or a retaliatory motive on the
part of Namasco.[1]  The trial court granted summary judgment, and
Calzada claims in one issue that this was error because there are fact issues
precluding summary judgment.

                                           Standard of Review

Namasco filed both a traditional motion
for summary judgment and a no‑evidence motion.  See Tex.
R. Civ. P. 166a(c), (i).  Where,
as here, the summary judgment does not specify or state the grounds relied on,
it will be affirmed on appeal if any of the grounds presented in the motion are
meritorious.  Carr v. Brasher, 776
S.W.2d 567, 569 (Tex. 1989).

The standard of review for a traditional
motion for summary judgment is whether the successful movant at the trial level
carried its burden of showing that there is no genuine issue of material fact
and that judgment should be granted as a matter of law.  KPMG Peat Marwick v. Harrison County Hous.
Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999).  A defendant must conclusively negate at least
one essential element of each of the plaintiff’s causes of action or
conclusively establish each element of an affirmative defense.  Sci. Spectrum, Inc. v. Martinez, 941
S.W.2d 910, 911 (Tex. 1997).  Under this
traditional standard, this court must take as true all evidence favorable to
the nonmovant and must make all reasonable inferences in the nonmovant’s
favor.  See id.








We review a no‑evidence summary
judgment de novo by construing the record in the light most favorable to the
nonmovant and disregarding all contrary evidence and inferences.  Merrell Dow Pharms., Inc. v. Havner,
953 S.W.2d 706, 711 (Tex. 1997).  A no‑evidence
summary judgment is improperly granted when the respondent brings forth more
than a scintilla of probative evidence that raises a genuine issue of material
fact.  See Tex. R. Civ. P. 166a(i); Coastal Conduit & Ditching,
Inc. v. Noram Energy Corp., 29 S.W.3d 282, 284 (Tex. App.— Houston [14th
Dist.] 2000, no pet.).  Less than a
scintilla of evidence exists when the evidence is “so weak as to do no more
than create a mere surmise or suspicion” of a fact and the legal effect is that
there is no evidence.  Kindred v.
Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983).

                                                      Analysis

Section 451.001 of the Labor Code
prohibits terminating an employee for filing a workers’ compensation claim in
good faith.  Tex. Lab. Code Ann. § 451.001(1).  The employee has the burden of demonstrating
a causal connection between the discharge and his workers’ compensation
claim.  Benners v. Blanks Color
Imaging, Inc., 133 S.W.3d 364, 369 (Tex. App.—Dallas 2004, no pet.); Garcia
v. Levi Strauss & Co., 85 S.W.3d 362, 367–68 (Tex. App.—El Paso 2002,
no pet.); see also Tex. Lab. Code
Ann. § 451.002(c) (Vernon 1996) (“The burden of proof in a
proceeding under this section is on the employee.”).  The employee need not show that filing a workers’
compensation claim was the sole reason for his discharge.  Rather, he must demonstrate that but for
filing the claim, the discharge would not have occurred when it did.  Cont’l Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 450–51 & n.3
(Tex. 1996); Lee v. Haynes & Boone, L.L.P., 129 S.W.3d 192, 196 (Tex.
App.—Dallas 2004, pet. denied); Stevens v. Nat’l Educ. Ctrs., Inc., 990
S.W.2d 374, 380 (Tex. App.—Houston [14th Dist.] 1999), pet. denied, 11
S.W.3d 185 (Tex. 2000).








An employee can establish a causal
connection between termination and filing a workers’ compensation claim by
direct or circumstantial evidence.  Cont’l
Coffee, 937 S.W.2d at 451; Benners, 133 S.W.3d at 369.  Circumstantial evidence sufficient to
establish this causal link may include: 
(1)  knowledge of the compensation
claim by those making the termination decision, (2) expression of a negative
attitude toward the employee’s injured condition, (3) failure to adhere to
established company policies, (4) discriminatory treatment in comparison to
similarly situated employees, and (5) evidence that the stated reason for the
discharge was false.  Cont’l Coffee,
937 S.W.2d at 451 (quoting lower court opinion); Benners, 133 S.W.3d at
369; see also City of Fort Worth v. Zimlich, 29 S.W.3d 62, 69 (Tex.
2000) (applying this analysis in a claim for retaliation under the
Whistleblower Act).  Calzada contends he
has created a fact issue as to causation by presenting evidence in four of
these areas.  We examine each in turn.

Knowledge of the
Claim:  It is undisputed that Anderson
and Regitz, the decision makers in this case, were aware that Calzada filed a
workers’ compensation claim.  However,
mere knowledge of the claim does not establish a causal link but is one factor
to be considered in light of the remaining evidence.  See Lone Star Steel Co. v. Hatten, 104
S.W.3d 323, 327–28 (Tex. App.—Texarkana 2003, no pet.); Vallance v. Irving
C.A.R.E.S., Inc., 14 S.W.3d 833, 837 (Tex. App.—Dallas 2000, no pet.).

Negative Attitude:  Calzada presented affidavit testimony that a
Namasco manager named John Duran repeatedly told him that he “wasn’t hurt that
bad.”  To be probative of retaliation,
negative remarks must have been made by an individual “with authority over the
employment decision at issue.”  Wal-Mart
Stores, Inc. v. Amos, 79 S.W.3d 178, 187 (Tex. App.—Texarkana 2002, no
pet.); accord McIntyre v. Lockheed Corp., 970 S.W.2d 695, 698  (Tex. App.—Fort Worth  1998, no pet.) (noting that employee failed
to show that negative comments were made by person with “any control whatsoever
over [his] fate”); cf. Winters v. Chubb & Son, Inc., 132 S.W.3d 568,
577–78 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (applying same standard
in race discrimination context). 
Namasco’s evidence establishes that Regitz and Anderson, in consultation
with human resources, were the sole decision makers in discharging Calzada, and
Calzada presented no evidence that Duran played any role whatsoever in the
decision.  Thus, any negative comments by
Duran are no evidence of a causal link between the workers’ compensation claim
and Calzada being discharged.








Similarly Situated
Employees:  Calzada appears to
argue that he is similarly situated to the other warehouse employees who were
discharged and that he was treated differently because he was discharged first
and they were discharged sometime over the next five months.  Even assuming that being discharged a few
months later than another employee can be considered favorable treatment,
Calzada failed to demonstrate that he was similarly situated to those
employees.  For employees to be similarly
situated, their circumstances must be “nearly identical” in all relevant
respects.  See Winters, 132 S.W.3d
at 578; Wyvill v. United Cos. Life Ins. Co., 212 F.3d 296, 304–05 (5th
Cir. 2000).  Anderson and Regitz chose to
eliminate Calzada’s position because he had the least seniority on his shift
and because they determined his position was not essential.  Calzada presented no evidence regarding
relevant circumstances of these other employees, such as their seniority, what
shift they worked, or even what jobs they held, much less the importance of
their positions.  As such, Calzada cannot
establish a causal connection based on a comparison to similarly situated
employees.  See Lee, 129 S.W.3d at
197 (finding insufficient evidence to establish causal connection based on
treatment of similarly situated employees when employee “failed to provide any
specific information” regarding the alleged comparators); Vallance, 14
S.W.3d at 838 (noting that employee failed to present evidence about
comparative importance of alleged similarly situated employee’s job).








Falsity of Reason:  Calzada contends that since the other
employees discharged as part of Project Focus were not discharged until
sometime in the five months after he was, a fact issue exists as to whether he
was discharged as part of this layoff.[2]  Evidence that the layoffs happened over a few
months does not, standing alone, raise a fact issue that Namasco’s reasons for
discharging Calzada were false.  The
undisputed evidence shows that (1) the Project Focus assessment of potential
downsizing and other cost-saving measures was ongoing months before Calzada’s
termination, (2) at the time he was terminated, the decision makers were
focused on evaluating his shift, (3) Calzada had the least seniority of anyone
on his shift, and (4) the decision makers determined that Calzada’s position
was not essential.  Calzada presented no
evidence to dispute any of this.  Calzada
also asserts that Namasco hired another employee, Juan Rodriguez, after he was
discharged,[3]
which creates a fact issue as to whether Namasco had an economic need to
discharge him.  We disagree.  Namasco’s summary judgment evidence
established that Rodriguez was hired as a supervisor.  Had Calzada presented evidence that the
position Rodriguez was hired for was unnecessary or that Rodriguez replaced
Calzada or assumed some of his job duties, that could be probative of retaliation.  See Aust v. Conroe Indep. Sch. Dist., __ S.W.3d __, No.
09-04-063 CV, 2004 WL 2964631, at *4 (Tex. App.—Beaumont Dec. 16, 2004, no pet.
h.).  But the bare allegation that Namasco hired a
supervisor at or near the time of Calzada’s termination does not create a fact
issue regarding the economic necessity of eliminating Calzada’s position.  See Benners, 133 S.W.3d at 371
(discounting employee’s evidence that employer hired new employees during a
reduction in force because the new employees performed duties for which the
employee was not qualified).








We conclude that Calzada has not met his
burden of establishing a causal connection between his filing a workers’
compensation claim and Namasco terminating his employment.  Therefore, summary judgment was proper on this
basis alone, and we need not determine whether there is fact issue as to
Namasco’s retaliatory motive.  We
overrule Calzada’s issue and affirm the trial court’s judgment.

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed March 17, 2005.

Panel
consists of Justices Yates, Anderson, and Hudson.











[1]  Calzada
included in his petition a claim for punitive damages.  Namasco also argued in its summary judgment
motion that Calzada’s punitive damages claim should be dismissed because he
cannot establish the existence of actual malice, which is necessary to recover
punitive damages in an action for retaliation under section 451.001 of the
Labor Code.  See Cont’l Coffee Prods.
Co. v. Cazarez, 937 S.W.2d 444, 454 (Tex. 1996).  Calzada has not challenged this portion of
the summary judgment on appeal.





[2]  Calzada also
attacks Namasco’s evidence regarding the need for and details of Project Focus
because that information is established only from the affidavits of Curtis and
Regitz, who are interested witnesses and therefore unreliable.  This is an objection to form that must be
made to the trial court.  Calzada did not
make this or any other objection to Namasco’s summary judgment evidence to the
trial court, and therefore it is waived. 
See Choctaw Props., L.L.C. v. Aledo I.S.D., 127 S.W.3d 235, 241
(Tex. App.—Waco 2003, no pet.); Ahumada v. Dow Chem. Co., 992 S.W.2d
555, 562 (Tex. App.—Houston [14th Dist.] 1999, pet. denied).  Calzada also asserts that the affidavits
offer only bald, conclusory statements and should have been supported with
documentary evidence such as financial statements.  This objection may be made for the first time
on appeal.  See Choctaw Props.,
127 S.W.3d at 241–42.  However, Calzada
fails to specify exactly which statements he contends are conclusory and to
explain why the factual detail in the affidavits is insufficient.  See Stewart v. Sanmina Tex. L.P., __
S.W.3d __, No. 05-03-01688-CV, 2005 WL 341592, at *5 (Tex. App.—Dallas Feb. 14,
2005, no pet. h.).  Further, we have
reviewed the affidavits and have determined that they contain sufficient
factual support and are therefore not conclusory.  See Choctaw Props., 127 S.W.3d at 242;
Rizkallah v. Conner, 952 S.W.2d 580, 587 (Tex. App.—Houston [1st Dist.]
1997, no writ).  Thus, we consider
Namasco’s affidavit evidence regarding Project Focus in analyzing Calzada’s
claim.





[3]  Namasco
presented summary judgment evidence that Rodriguez was actually hired before
Calzada was discharged and objected that Calzada’s affidavit demonstrated no
basis for his personal knowledge of when Rodriguez was hired.  Neither the summary judgment order nor any
other part of the record indicates that the trial court ruled on this
objection; thus, the contested evidence remains part of the summary judgment
record.  See Wright v. Greenberg,
2 S.W.3d 666, 676 (Tex. App.—Houston [14th Dist.] 1999, pet. denied); see
also Aust v. Conroe Indep. Sch. Dist., __ S.W.3d __, No. 09-04-063
CV, 2004 WL 2964631, at *2 (Tex. App.—Beaumont Dec. 16, 2004, no pet. h.)
(noting that a Mother Hubbard clause in the final judgment does not overrule
objections).  However, this factual
dispute about exactly when Rodriguez was hired is not material and does not
affect our analysis.