COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


)
GLADYS HERNANDEZ,                               )                  No. 08-05-00150-CV
)
                                    Appellant,                        )                              Appeal from
)
v.                                                                          )                  County Court at Law No. 7
)
AMERICAN TELEPHONE AND                      )                  of El Paso County, Texas
TELEGRAPH COMPANY, and                         )
AT & T CORP.,                                                   )                  (TC# 2003-782)
)
                                    Appellees.                        )


O P I N I O N

            Gladys Hernandez filed suit against AT&T for wrongful discharge in retaliation for filing a
worker’s compensation claim. The trial court awarded summary judgment in favor of AT&T. 
Because we conclude that summary judgment was proper, we affirm.
FACTUAL SUMMARY
            Gladys Hernandez worked as a telemarketer for AT&T for over ten years. On January 22,
2002, she injured her left wrist at work. It began to swell and she was in considerable pain. 
Hernandez informed the company of her injury and she was absent from work from January 24 until
February 1. During this time, she filed a worker’s compensation claim. She also took vacation days
between February 4 and February 8. 
            AT&T requires its employees to maintain satisfactory attendance as a condition of
employment. Employees are expected to work on all scheduled workdays, to begin work on time,
and to timely return to work after meals and authorized breaks. Satisfactory attendance is necessary
because the company only schedules enough account representatives to handle the anticipated
customer call levels. 
            AT&T manages its attendance policy through three progressive disciplinary steps. First, an
employee is warned her attendance is unsatisfactory and given a letter of warning. At the second
level, an employee is warned that her attendance is unsatisfactory and she is given a final letter of
warning. The last disciplinary step is termination. Vacation days, E-time, True-Out days, and Health
Maintenance days are not counted against employees.


 Any other absences, including those related
to workplace injuries, are chargeable unless qualified under the Family Medical Leave Act. 
            At the time of her most recent injury, Hernandez had already received a final letter of
warning because of unsatisfactory attendance. When she returned to work, Hernandez was again
informed by attendance managers that her attendance was unsatisfactory. On February 12, 2002,
Hernandez was terminated. 
            Hernandez filed suit for wrongful discharge. AT&T moved for traditional summary
judgment pursuant to Rule 166a(c) and no-evidence summary judgment under Rule 166a(i). 
Because we conclude that the no-evidence summary judgment was proper, we need not consider
whether the company established as a matter of law that she was terminated because of a neutral
application of the attendance policy.
STANDARD OF REVIEW 
            A no-evidence summary judgment is essentially a pretrial directed verdict and we apply the
same legal sufficiency standard of review. King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750
(Tex. 2003); id. In response, the non-movant must produce evidence raising a genuine issue of
material fact regarding each element of the cause of action that is challenged in the motion. Aust v.
Conroe Indep. School Dist., 153 S.W.3d 222, 226 (Tex.App.--Beaumont 2004, no pet.). We view
the evidence in the light most favorable to the non-movant and disregard all contrary evidence and
inferences. King Ranch, 118 S.W.3d at 750; Aust, 153 S.W.3d at 226. A genuine issue of material
fact exists if the non-movant produces more than a scintilla of evidence regarding the challenged
element. King Ranch, 118 S.W.3d at 751; Aust, 153 S.W.3d 226. Less than a scintilla of evidence
exists if the evidence is so weak as to create no more than a mere surmise or suspicion; when the
evidence rises to a level that enables reasonable minds to differ in their conclusions, then more than
a scintilla of evidence exists. King Ranch, 118 S.W.3d 751; Aust, 153 S.W.3d at 226. When the
trial court grants summary judgment and does not specify the grounds relied upon for its ruling, then
summary judgment will be affirmed if any of the grounds is meritorious. Aust, 153 S.W.3d at 226.
WRONGFUL DISCHARGE
Burden-Shifting Analysis
            An employer is prohibited from discharging or discriminating against an employee because
she has filed a worker’s compensation claim in good faith. Tex.Lab.Code Ann. § 451.001 (Vernon
2006). In reviewing a claim of retaliatory discharge, we apply a burden-shifting analysis. First, the
employee must establish a causal link between the filing of the worker’s compensation claim and
her termination. While an employee is not required to show that the filing of the worker’s
compensation claim was the sole cause of the alleged discriminatory behavior, she must establish
that “but for” the filing of the claim the termination would not have occurred when it did. Garcia
v. Levi Strauss & Co., 85 S.W.3d 362, 368 (Tex.App.--El Paso 2002, no pet.), citing Continental
Coffee Products Co. v. Cazarez, 937 S.W.2d 444, 451 (Tex. 1997). An employee may establish a
causal link by either direct or circumstantial evidence. Cazarez, 937 S.W.2d at 451. Circumstantial
evidence sufficient to establish a causal link may include: (1) knowledge of the compensation claim
by those making the decision to terminate; (2) expression of negative attitude toward the employee’s
injured condition; (3) failure to adhere to established company policies; (4) discriminatory treatment
in comparison to similarly situated employees; and (5) evidence that the stated reason for the
discharge was false. Garcia, 85 S.W.3d at 367, citing Cazarez, 937 S.W.2d at 451.
            The burden then shifts to the employer to establish that its decision to terminate the employee
was based upon non-discriminatory legitimate business policy. Garcia, 85 S.W.3d at 368, citing
Cazarez, 937 S.W.2d at 451. If the employer presents a legitimate non-discriminatory reason for
termination, the burden shifts back to the employee to produce controverting evidence of a retaliatory
motive. Garcia, 85 S.W.3d at 368; Aust, 153 S.W.3d at 228. The employee may either (1) present
evidence raising a fact issue on whether the employer’s stated reason was a pretext for retaliatory
action, or (2) challenge the employer’s summary judgment evidence as failing to prove as a matter
of law that the stated reason was legitimate and nondiscriminatory. Aust, 153 S.W.3d at 228; La Tier
v. Compaq Computer Corp., 123 S.W.3d 557, 561 (Tex.App.--San Antonio 2003, no pet.).
Discharge Based Upon Attendance Policy
            Assuming Hernandez has established a causal link between the filing of her worker’s
compensation claim and her discharge, the burden shifted to AT&T to provide a non-discriminatory
reason for its decision to terminate her employment. AT&T contends Hernandez was discharged
due to her overall attendance record and not because she filed a worker’s compensation claim. It
offered evidence that Hernandez had previously filed other worker’s compensation claims and had
been counseled by attendance managers numerous times regarding her absences. 
            Because AT&T based its decision to terminate Hernandez on her overall attendance, we will
detail her absences. Hernandez was first informed that her attendance was unsatisfactory in January
1994. No other references were made about her attendance until April 10, 1996. Hernandez’s
attendance manager informed her that her attendance was satisfactory, but cautioned that she could
face disciplinary action in keeping with the first step of the company policy if another absence
occurred. Hernandez filed her first worker’s compensation claim in January 1997. No disciplinary
action was taken by AT&T. During calendar year 1998, Hernandez missed over 100 days of work
due to work-related disability. Again, no disciplinary action was taken.
            On May 13, 1999, Hernandez received a letter of warning for unsatisfactory attendance. She
was notified that further absences could result in disciplinary action and possibly dismissal. At this
point, she had nine chargeable absences totaling 27 days within the prior twelve months. On August
12, 1999, Hernandez was informed that her attendance was still unsatisfactory and if further absences
occurred, then a final letter of warning could result. This warning was given after Hernandez missed
four days of scheduled work due to a broken ankle.
            Hernandez was absent from September 20, 1999 until February 18, 2000 because of shoulder
surgery. During this period, she unsuccessfully pursued a worker’s compensation claim. On
February 23, Hernandez received a final letter of warning due to unsatisfactory attendance. 
Hernandez successfully disputed the denial of her worker’s compensation claim. Her attendance
manager removed the final warning status, but kept Hernandez on a letter of warning status because
her attendance was still unsatisfactory. 
            On April 4, 2000, another attendance conference was held because of additional absences
arising from the shoulder injury. Hernandez was warned that the next step could be a final letter of
warning. She missed work from April 17 to April 21 because of her daughter’s medical condition. 
On April 25, Hernandez was again warned that her attendance was unsatisfactory and she remained
at the first level of progressive discipline. Hernandez was absent May 16 to May 19 for personal
reasons. Pursuant to the second level of discipline, she received a final letter of warning on May 25. 
She was notified that further occurrences could result in dismissal. According to company records,
Hernandez had five additional chargeable absences totaling 15.9 days since the letter of warning
issued on May 13, 1999. She also had 105 disability days during this time period. 
            On July 12, 2000, Hernandez injured her elbow at work. She was absent from July 17, 2000
until April 22, 2001. During this time, she filed a worker’s compensation claim. Another counseling
session was held on April 26, 2001. Attendance manager Ana Bolata told Hernandez that her
attendance was unsatisfactory and reminded her that she was on final letter of warning. Bolata
encouraged Hernandez to “do everything possible to avoid additional absences as the next
occurrence could result in the final step of discipline, dismissal from AT&T.” Hernandez was told
she would remain on final letter of warning status until October 2002. 
            On June 25, 2001, Hernandez attended another counseling session with her attendance
manager because she had incurred a three-hour absence. Hernandez had tried to take a Health
Maintenance day on a Monday which, as we have noted in the margin, was not available on
Mondays. Hernandez remained on final letter of warning but was told to avoid other chargeable
absences. On July 5, Hernandez filed another worker’s compensation claim because she felt pain
from her left thumb to her wrist. No action was taken by AT&T. On January 4, 2002, Hernandez
was absent due to a bad headache. On January 15, another conference was held. Hernandez wanted
to use a True-Out day for the January 4 absence but she had failed to follow the necessary procedure.
Although the time off was counted as an absence, Hernandez was granted a continuance on her final
letter of warning and she was encouraged not to incur any additional absences.
            We come now to her most recent injury. On January 22, 2002, Hernandez injured her left
wrist at work. She was absent from January 24 until February 1, and took vacation days from
February 4 until February 8. She filed her comp claim and it was denied. On February 11, she met
with Bolata who told her a review would be needed to determine the appropriate action to take. 
Hernandez told Bolata she intended to appeal the denial of her claim. Hernandez was discharged
February 12. 
            AT&T contends Hernandez was terminated due to unsatisfactory attendance. Having
examined the record, we conclude that the company provided a non-discriminatory reason for
termination.
Was the Stated Reason a Pretext for Retaliation?
            Because AT&T established a non-discriminatory reason for discharging Hernandez, the
burden shifted to Hernandez either to show AT&T’s stated reason was a pretext for retaliation or to
challenge AT&T’s summary judgment evidence as failing to establish as a matter of law that the
stated reason was legitimate and non-discriminatory. Aust v. Conroe Indep. School Dist., 153
S.W.3d 222, 228 (Tex.App.--Beaumont 2004, no pet.). Hernandez contends the evidence created
a genuine issue of material fact that she would not have been terminated had she not sought worker’s
compensation benefits. She points to the following: (1) Hernandez was terminated following her
return to work after she filed a worker’s compensation claim, (2) her attendance managers knew she
had filed a worker’s compensation claim, (3) her absence was due to an on-the-job injury, and (4)
AT&T showed less lenience to Hernandez whenever she was absent due to worker’s compensation
claims. We disagree.
            First, the decision to terminate Hernandez was based upon several factors, such as her tenure
with the company, the history of her absences, the reasons for the absences, and previous flexibility
demonstrated towards the employee. Hernandez claims that more than a scintilla of evidence exists
because the reasons for her absences were considered. Although an on-the-job injury was the reason
for her most recent absences, AT&T maintains and the record demonstrates that the company based
its decision to terminate Hernandez on her inability to maintain satisfactory attendance. An
employer’s knowledge of a worker’s compensation claim standing alone is insufficient to raise a
genuine issue of material fact. Urquidi v. Phelps Dodge Refining Corp., 973 S.W.2d 400, 404
(Tex.App.--El Paso 1998, no pet.). Nor is the temporal proximity of filing a claim and an
employee’s discharge alone sufficient to raise a genuine issue of material fact. Porterfield v. Galen
Hosp. Corp., Inc., 948 S.W.2d 916, 919-20 (Tex. App.--San Antonio 1997, pet. denied). 
            Secondly, it was company policy to hold employees accountable for work related absences.
Termination due to absences caused by a work related injury is not a per se violation of
Section 451.001. Palmer v. Miller Brewing Co., 852 S.W.2d 57, 62 (Tex.App.--Fort Worth 1993,
writ denied)(an absence control policy that does not excuse work-related injuries is not a per se
violation of Article 8307c); Continental Coffee Products Co. v. Cazarez, 937 S.W.2d 444, 445 (Tex.
1996)(Article 8307c was repealed and codified without substantive changes at Texas Labor Code,
Sections 451.001-.003).
            Finally, Hernandez argues that AT&T treated her worker’s compensation absences more
harshly than other absences because her claim was successfully disputed. Again we disagree. 
Hernandez filed five worker’s compensation claims during her employment with AT&T. When she
filed claims in 1997 and 2001, AT&T did not take any disciplinary action. After Hernandez returned
to work from her worker’s compensation disability in 2002, AT&T continued her at final letter of
warning and did not escalate disciplinary steps. Hernandez was also elevated to a letter of warning
and eventually a final letter of warning status for absences that were unrelated to worker’s
compensation claims. We conclude that Hernandez has failed to produce evidence raising a genuine
issue of material fact that the company’s decision to terminate her employment for violations of its
attendance policy was a pretext for retaliation. Because Hernandez did not raise more than a scintilla
of evidence as to this element of her claim, a no-evidence summary judgment was proper. 
Consequently, we need not address the propriety of the traditional summary judgment. Aust, 153
S.W.3d at 226 (Summary judgment will be affirmed if any of the grounds asserted are meritorious.). 
We overrule Issue One and affirm the judgment of the trial court.

April 27, 2006                                                             
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.