In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-362 CV


____________________



NORA KATHRYN CONROY, Appellant



V.



NACOGDOCHES INDEPENDENT SCHOOL DISTRICT, Appellee






On Appeal from the 217th District Court


Angelina County, Texas


Trial Cause No. CV-36,887-03-10






MEMORANDUM OPINION


 Appellant Nora Kathryn Conroy, a diagnostician employed in appellee Nacogdoches
Independent School District's special education department, filed suit against the school
district under the Whistleblower Act. See Tex. Gov't Code Ann. §§ 554.001-554.010
(Vernon 2004). Conroy appeals the trial court's final order granting NISD's no-evidence
motion for summary judgment. NISD cross-appeals the trial court's order denying NISD'S
motion to transfer venue. We affirm the trial court's judgment as modified.

Background

 At the time Conroy filed her petition, she had been employed as a special education
diagnostician by NISD for three years. In November 2002, Conroy and sixteen other special
education staff members at NISD filed and signed a complaint with the TEA reporting
violations of state and federal law in the NISD special education program. The TEA
conducted an initial investigation of the special education program. In January 2003, the
TEA sent NISD Superintendent Dr. Tony Riehl a letter advising him of the allegations
contained in the complaint and directing the district to take corrective action. In March 2003,
in a letter to the United States Department of Education's Office of Civil Rights, Conroy
again complained of violations of state and federal regulations in the special education
program. Twelve of the original sixteen signatories to the TEA complaint also signed this
letter. 

 In August 2003, NISD's Special Education Director Debbie Walker informed Conroy
she would be transferred from the elementary school to the high school for the 2003-2004
school year. Conroy had previously told Walker that Conroy did not want to go to the high
school and Conroy's specialization was in working with very young children. In October
2003, while working at the high school, Conroy received a directive from High School
Principal Elizabeth Ballenger instructing her to follow the admission, review, and dismissal 
procedures. Conroy brought suit against NISD under the Texas Whistleblower Act alleging
her transfer to the high school and the October 2003 directive were retaliation for her reports
to the TEA and U.S. Department of Education. 

 NISD filed a motion for summary judgment asserting Conroy had no evidence to
support the "adverse employment action" or "causation" components of her retaliation claim. 
The trial court granted the motion and Conroy appealed. The parties subsequently learned
that the trial court had signed two conflicting orders on the same day, both granting NISD's
motion. One of the orders awarded NISD attorneys' fees under the Texas Education Code
in an amount to be determined at a later date. The other order did not include the attorneys'
fees award. NISD filed a motion to abate or dismiss the appeal arguing the signed order
granting an undetermined amount of attorneys' fees was interlocutory. Because this Court
would not have jurisdiction over the interlocutory judgment, this Court abated the appeal for
the trial court to determine which of the orders it intended to enter. On remand from this
Court for a clarifying order, the trial court entered a final summary judgment in favor of
NISD and further, entered evidentiary rulings which NISD had not obtained prior to either
of the court's original summary judgment orders. Conroy appeals the trial court's final order
entered after remand. NISD cross-appeals the trial court's order denying its motion to
transfer venue. 

Standard of Review


 A summary judgment motion pursuant to Tex. R. Civ. P. 166a(I) is essentially a
motion for a pretrial directed verdict. See Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d
706, 711 (Tex. 1997). Once such a motion is filed, the burden shifts to the nonmoving party
to present evidence raising an issue of material fact as to the elements specified in the
motion. Id.; W. Invs., Inc. v. Urena, 162 S.W.3d 547, 550 (Tex. 2005). We review the
evidence presented by the motion and response in the light most favorable to the party against
whom the summary judgment was rendered, crediting evidence favorable to that party if
reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could
not. See City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005); Johnson v. Brewer &
Pritchard, P.C., 73 S.W.3d 193, 208 (Tex. 2002).

Conroy's Issues on Appeal


 Conroy presented two issues on appeal prior to this Court's abatement. She argued
that the district court erred in granting NISD's no-evidence motion for summary judgment
because she presented more than a scintilla of evidence of "causation" between the adverse
personnel decisions and Conroy's report of law violations, and that NISD had subjected
Conroy to "adverse personnel action." After this Court's abatement and after the trial court
entered its final order granting NISD's summary judgment including the new evidentiary
rulings, Conroy supplemented her brief to include two additional issues. She asserts the
district court's rulings on summary judgment evidence made for the first time after abatement
and remand are void, or otherwise waived, for purposes of this appeal. She also contends
that, in the event this Court considers the trial court's evidentiary rulings, the trial court's
rulings on her summary judgment evidence constituted reversible error. 

Evidentiary Rulings Incorporated Into Final Judgment On Remand

 We first address Conroy's issues regarding the trial court's inclusion of evidentiary
rulings in its judgment after this Court abated the appeal for a clarifying order. Conroy
argues the rulings are void because this Court's order of abatement did not grant the trial
court authority to rule on evidentiary matters and the trial court could not make such rulings
because its plenary jurisdiction had expired. She also argues that because NISD did not
obtain rulings on the summary judgment evidence prior to the judgment, NISD waived any
complaint concerning defects in Conroy's summary judgment evidence and that its attempt
to have any evidentiary rulings incorporated into the reformed judgment on remand is
untimely.

 When NISD asked this Court to abate or dismiss Conroy's appeal, NISD sought "[t]o
clarify the issue of which order the district court intended to sign and whether this Court has
jurisdiction over a final appealable judgment[.] . . ." NISD asked this Court to abate or
dismiss the appeal "[t]o resolve the dilemma of which of the two alternative proposed Orders
the district court intended to sign (and whether the Court of Appeals thus has jurisdiction
over this appeal)[.]" Conroy agreed to abate the appeal only for the limited purpose of
clarifying which Order the lower court intended to sign. This Court abated the appeal and
remanded the cause to the trial court "in order for the trial court to determine whether a
judgment nunc pro tunc or other clarifying order should be entered." 

 On remand, NISD filed a motion to clarify the order granting summary judgment and
attached two proposed final judgments for the trial court's consideration. The two proposed
orders mirrored the two previously signed orders except that (1) the proposed order awarding
NISD attorneys' fees was titled an "Interlocutory Order" and the proposed order with no
attorneys' fees award was titled "Order and Final Judgment" and (2) both of the proposed
orders included new rulings striking specific evidence attached to Conroy's response to
NISD's summary judgment motion. In NISD's motion to clarify, NISD not only asked the
trial court to enter the order most consistent with its original intention concerning the
granting of the summary judgment but further asked the court to "take this opportunity to
advise the court of appeals what evidence, if any, of [Conroy]'s evidence in response to
[NISD]'s motion for summary judgment was considered in determining the motion." The
trial court signed the final judgment. 

 We may "abate [an] appeal to permit clarification by the trial court." Lehmann v.
Har-Con Corp., 39 S.W.3d 191, 206 (Tex. 2001); see Tex. R. App. P. 27.2 ("The appellate
court may allow an appealed order that is not final to be modified so as to be made final and
may allow the modified order and all proceedings relating to it to be included in a
supplemental record."). In deciding whether to abate or dismiss an appeal, an appellate court
"must not affirm or reverse a judgment or dismiss an appeal for formal defects or
irregularities in appellate procedure without allowing a reasonable time to correct or amend
the defects or irregularities." Tex. R. App. P. 44.3. If a "trial court's erroneous action or
failure or refusal to act prevents the proper presentation of a case to the court of appeals[,]
and the trial court can correct its action or failure to act[,]" a court of appeals is required to
direct the trial court to correct the error and then the court of appeals shall continue as if the
erroneous action or failure to act had not occurred. Tex. R. App. P. 44.4.

 Generally, the lower court loses jurisdiction upon the filing of a notice of appeal. 
Tex. R. App. P. 25.1(b). Conroy contends that because the trial court lacked jurisdiction to
adjudicate evidentiary matters after the court entered its summary judgment order, the 
authority to act could only derive from this Court's abatement order. NISD concedes that
"[u]pon remand, the district court's jurisdiction was not based upon its original plenary
power . . . [but] the district court exercised the jurisdiction granted it by this Court's Order
of abatement and remand and clarified its prior failure expressly to rule on NISD's
evidentiary objections." The issue, therefore, turns on the authority granted by this Court's
order to abate and remand. 

 NISD argues that when this Court abated and remanded for either "a judgment nunc
pro tunc or other clarifying order," the district court was not restricted only to enter a
judgment nunc pro tunc. In essence, NISD contends the judgment on remand including the
evidentiary rulings was proper because it was a "clarifying order" under the authority granted
by this Court's order. We disagree. NISD did not argue in its Motion to Abate or Dismiss
Appeal that the appeal should be abated for a ruling on its objection to summary judgment
evidence. We have previously held when there is no order sustaining or overruling either
party's objections and nothing in the judgment indicates the trial court considered them, the
contested evidence remains a part of the summary judgment evidence. See Aust v. Conroe
Indep. Sch. Dist., 153 S.W.3d 222, 227 (Tex. App.--Beaumont 2004, no pet.). For
jurisdictional purposes, this Court abated the appeal to the trial court only to determine which
of the signed orders conformed with the trial court's intent. The inclusion of new evidentiary
rulings into the final judgment after remand exceeded the scope of the remand granted by this
Court.

 NISD maintains Conroy waived any objection to the included evidentiary rulings
because she failed to timely object. Because we hold the trial court exceeded the scope of
the remand order, Conroy was not required to object to evidentiary rulings that had no effect. 
Tex. R. App. P. 33.1. 

Causation Element and Conroy's Summary Judgment Evidence

 For Conroy to prevail on her claim, she must establish (1) she is a public employee;
(2) she acted in good faith in making her report; (3) the report involved a violation of law;
(4) the report was made to an appropriate law enforcement authority; and (5) she suffered
retaliation as a result of making the report. See Tex. Gov't Code Ann. § 554.002(a). 
Employees filing a whistleblower action must prove all elements of their claim by a
preponderance of the evidence. City of Fort Worth v. Zimlich, 29 S.W.3d 62, 67 (Tex.
2000). (1) 

 Conroy argues the trial court erred in granting NISD's no-evidence motion for
summary judgment because more than a scintilla of evidence established "causation"
between Conroy's report of violations and her transfer and the October 2003 directive. 

 To show causation, a public employee must demonstrate that after he or she
reported a violation of the law in good faith to an appropriate law enforcement
authority, the employee suffered discriminatory conduct by his or her employer
that would not have occurred when it did if the employee had not reported the
illegal conduct.

Id. (citing Dep't of Human Servs. v. Hinds, 904 S.W.2d 629, 633 (Tex. 1995)). 

 The Zimlich Court further explained that:

 [c]ircumstantial evidence may be sufficient to establish such a causal link
between the adverse employment action and the reporting of illegal conduct. 
Such evidence includes:(1) knowledge of the report of illegal conduct; (2)
expression of a negative attitude toward the employee's report of the conduct;
(3) failure to adhere to established company policies regarding employment
decisions; (4) discriminatory treatment in comparison to similarly situated
employees; and (5) evidence that the stated reason for the adverse employment
action was false. But evidence that an adverse employment action was
preceded by a superior's negative attitude toward an employee's report of
illegal conduct is not enough, standing alone, to show a causal connection
between the two events. 


Id. at 69 (citations omitted). 

 In response to NISD's summary judgment motion, Conroy attached the depositions
of Superintendent Riehl, Assistant Superintendent G.W. Neal, and Liz Ballenger, high school
principal. Conroy presents the following arguments in response to NISD's no-evidence
claim as to causation: (1) Riehl and Neal's depositions establish they had knowledge that
Conroy had made a report of illegal conduct prior to her transfer; (2) Neal's deposition
establishes Walker had a negative attitude toward the complaints that had been reported by
Conroy and others to the TEA; and (3) Neal's deposition evidences the transfer decision
violated established school district policy and included an offer to accept Conroy's
resignation at a time when such resignation could have subjected Conroy to adverse
employment actions either by the school board or state board of education. 

 Conroy failed to present any direct evidence that the transfer or the October 2003
directive would not have occurred when it did had she not made the reports to the TEA and
the U.S. Department of Education. We also find she lacks sufficient circumstantial evidence
to establish a genuine issue of material fact as to the element of causation. See id. 

 NISD does not dispute it was aware of the complaints to the TEA and the U.S.
Department of Education. Conroy contends that Walker harbored a negative attitude toward
the reports by Conroy and others to the TEA. She bases this argument on a letter from
special ed employees in the district and a memo to Neal, both read into the record during
Neal's deposition. The letter stated the employees' opinion that Walker's reaction was
"defensive, rude, and . . . antagonistic" to the employees' attempts to discuss issues regarding
policies Walker implemented. The memo was from Neal and Lynn McLean to
Superintendent Riehl regarding interviews with the employees who signed the letter of
complaint. Neal read the following portion of the memo:

 In our discussion with those who signed the letter and those who did not, we
found the comment "We must do things right. I know what we have to do to
be in compliance. If you do not wish to get on the Debbie Walker train with
the issue, I will accept your resignation. I have applications on my desk which
can be used for replacements." This comment created a feeling of threat
among those who signed the letter. We believe the seriousness of the situation
and the pressure Debbie felt to clean up the out-of-compliance issues
contributed to the passion behind the statement. This same passion has
brought forth many other statements that have been seen as aggressive and
rude. 


 In the Fall of 2002, a number of special education employees prepared and forwarded
a letter of complaint to NISD. The statements and attitude attributed to Special Education
Director Walker in the letter of complaint and quoted in part in the memo of Assistant
Superintendent Neal, dated November 15, 2002, were made prior to any report filed by
Conroy and others with the TEA or U.S. Department of Education and therefore, present no
evidence that Walker had a negative attitude toward the reports made by Conroy and others
to the TEA or U.S. Department of Education.

 One other type of circumstantial evidence listed by the Zimlich Court that may be
offered to prove retaliatory employment practices is the failure to adhere to established
policies regarding employment decisions. 29 S.W.3d at 69. Conroy contends that her
transfer to the high school was not done in accordance with usual practices because the high
school principal initially objected to Conroy's being transferred to her campus without her
consent or approval. Assistant Superintendent Neal did testify that the normal procedure at
NISD was to permit a principal to approve the assignment of any staff person to his or her
campus. Principal Ballenger initially complained that she was hesitant to accept Ms. Conroy
as she "was part of a group of 25 who were not positive toward the special education director
in the 2002-2003 school year." However, that same memo continued, "The Nacogdoches
High School special education department barely held together last year without a major
incident." Principal Ballenger later withdrew her objection to the transfer and consented to
having Conroy assigned to the campus. Nothing in the evidence offered by Conroy on this
issue tends to show any deviation from usual employment practices on the part of NISD
regarding Conroy's transfer to the high school campus as it relates to Conroy's whistleblower
reports. Instead, the record evidence reveals that the special education department had
suffered from controversy and unrest for at least the year before any reports were made by
Conroy and others to any authorities. Conroy does not dispute that her contract of
employment with NISD allowed for her transfer by the district to different campuses
according to its staffing needs. The high school campus to which Conroy was transferred
had lost both its diagnosticians and the district had to fill the positions. Conroy tenders, as
further evidence of discriminatory practices, the statement that when her transfer was
announced, she was offered the opportunity to resign less than 45 days before the beginning
of the school year, which may have subjected her to sanctions or other penalties had she
accepted the district's offer to resign. She did not resign, though, nor was she sanctioned and
therefore, speculation as to what could have happened is no evidence of any discriminatory
employment practices. As stated in Zimlich, there is no evidence "from which a fact finder
could reasonably infer that discrimination was a factor in the decision process." Id. Without
evidence supporting such an inference, "a finding of liability rests only on speculation." Id.
at 70.

 Similarly, the only evidence offered by Conroy to prove discriminatory treatment in
comparison to similarly-situated employees was the fact that she was not allowed to take
work home in the evening while another diagnostician, Jana Burrows, was allowed to do so.
However, again, this evidence is insufficient to allow a fact finder to reasonably infer that
discrimination was a factor in the decision process. Thus, the record contains neither the
types of circumstantial evidence listed by the Zimlich Court to show that NISD would not
have made any employment decision concerning Conroy when it did if Conroy had not
participated in the filing of the reports with TEA or U.S. Department of Education nor any
direct evidence to prove the fact. Conroy's issue on causation is overruled. Because this
holding is dispositive, we do not reach Conroy's other issue regarding whether NISD
subjected her to adverse personnel action. 

 Conclusion

 Based on our holding that the trial court improperly included new evidentiary rulings
in its final judgment on remand, we modify the trial court's Order and Final Judgment
Granting Defendant's No-Evidence Motion for Summary Judgment to delete the portions of
the judgment ruling on specific evidence. We find Conroy failed to present more than a
scintilla of evidence to support the causation element to her claim and we affirm the trial
court's judgment as modified. We need not address NISD's cross appeal. 

 AFFIRMED AS MODIFIED.

 __________________________________

 CHARLES KREGER

 Justice


Submitted on October 12, 2006

Opinion Delivered June 7, 2007


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. NISD moved for summary judgment on the ground that there was no evidence of
only one element, that Conroy suffered retaliation as a result of making the report. More
specifically, NISD asserted that Conroy incurred no adverse employment action and no
evidence of causal link between any adverse employment action and the reporting of
illegal conduct.