**Gladys HERNANDEZ, Appellant,**

v.

**AMERICAN TELEPHONE AND TELEGRAPH COMPANY, and AT & T Corp., Appellees.**

**No. 08–05–00150–CV.**

Court of Appeals of Texas, El Paso.

April 27, 2006.

John P. Mobbs, El Paso, for appellant.

Scott M. McElhaney, Jackson Walker LLP, Dallas, for appellee.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

ANN CRAWFORD McCLURE, Justice.

Gladys Hernandez filed suit against AT & T for wrongful discharge in retaliation for filing a worker's compensation claim. The trial court awarded summary judgment in favor of AT & T. Because we conclude that summary judgment was proper, we affirm.

## FACTUAL SUMMARY

Gladys Hernandez worked as a telemarketer for AT & T for over ten years. On January 22, 2002, she injured her left wrist at work. It began to swell and she was in considerable pain. Hernandez informed the company of her injury and she was absent from work from January 24 until February 1. During this time, she filed a worker's compensation claim. She also took vacation days between February 4 and February 8.

AT & T requires its employees to maintain satisfactory attendance as a condition of employment. Employees are expected to work on all scheduled workdays, to begin work on time, and to timely return to work after meals and authorized breaks. Satisfactory attendance is necessary because the company only schedules enough account representatives to handle the anticipated customer call levels.

AT & T manages its attendance policy through three progressive disciplinary steps. First, an employee is warned her attendance is unsatisfactory and given a letter of warning. At the second level, an employee is warned that her attendance is unsatisfactory and she is given a final letter of warning. The last disciplinary step is termination. Vacation days, E-time, True–Out days, and Health Maintenance days are not counted against employees.[1] Any other absences, including those related to workplace injuries, are chargeable unless qualified under the Family Medical Leave Act.

At the time of her most recent injury, Hernandez had already received a final letter of warning because of unsatisfactory attendance. When she returned to work, Hernandez was again informed by attendance managers that her attendance was unsatisfactory. On February 12, 2002, Hernandez was terminated.

Hernandez filed suit for wrongful discharge. AT & T moved for traditional summary judgment pursuant to Rule 166a(c) and no-evidence summary judgment under Rule 166a(i). Because we conclude that the no-evidence summary judgment was proper, we need not consider whether the company established as a matter of law that she was terminated because of a neutral application of the attendance policy.

## STANDARD OF REVIEW

A no-evidence summary judgment is essentially a pretrial directed verdict and we apply the same legal sufficiency standard

1. E-time is an excused absence. A True–Out day allows an employee to schedule a vacation day or E-time on short notice instead of being charged with an absence. A Health Maintenance day is an attendance initiative that allows employees to miss a certain amount of work for medical appointments. Health Maintenance days may not be exercised on Mondays.

of review. *King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 750 (Tex.2003); *id.* In response, the non-movant must produce evidence raising a genuine issue of material fact regarding each element of the cause of action that is challenged in the motion. *Aust v. Conroe Indep. School Dist.,* 153 S.W.3d 222, 226 (Tex.App.-Beaumont 2004, no pet.). We view the evidence in the light most favorable to the non-movant and disregard all contrary evidence and inferences. *King Ranch,* 118 S.W.3d at 750; *Aust,* 153 S.W.3d at 226. A genuine issue of material fact exists if the non-movant produces more than a scintilla of evidence regarding the challenged element. *King Ranch,* 118 S.W.3d at 751; *Aust,* 153 S.W.3d at 226. Less than a scintilla of evidence exists if the evidence is so weak as to create no more than a mere surmise or suspicion; when the evidence rises to a level that enables reasonable minds to differ in their conclusions, then more than a scintilla of evidence exists. *King Ranch,* 118 S.W.3d at 751; *Aust,* 153 S.W.3d at 226. When the trial court grants summary judgment and does not specify the grounds relied upon for its ruling, then summary judgment will be affirmed if any of the grounds is meritorious. *Aust,* 153 S.W.3d at 226.

## WRONGFUL DISCHARGE

### Burden–Shifting Analysis

■ An employer is prohibited from discharging or discriminating against an employee because she has filed a worker's compensation claim in good faith. TEX. LAB.CODE ANN. § 451.001 (Vernon 2006). In reviewing a claim of retaliatory discharge, we apply a burden-shifting analysis. First, the employee must establish a causal link between the filing of the worker's compensation claim and her termination. While an employee is not required to show that the filing of the worker's compensation claim was the sole cause of the alleged discriminatory behavior, she must establish that "but for" the filing of the claim the termination would not have occurred when it did. *Garcia v. Levi Strauss & Co.,* 85 S.W.3d 362, 368 (Tex. App.-El Paso 2002, no pet.), *citing Continental Coffee Products Co. v. Cazarez,* 937 S.W.2d 444, 451 (Tex.1997). An employee may establish a causal link by either direct or circumstantial evidence. *Cazarez,* 937 S.W.2d at 451. Circumstantial evidence sufficient to establish a causal link may include: (1) knowledge of the compensation claim by those making the decision to terminate; (2) expression of negative attitude toward the employee's injured condition; (3) failure to adhere to established company policies; (4) discriminatory treatment in comparison to similarly situated employees; and (5) evidence that the stated reason for the discharge was false. *Garcia,* 85 S.W.3d at 367, *citing Cazarez,* 937 S.W.2d at 451.

■ The burden then shifts to the employer to establish that its decision to terminate the employee was based upon non-discriminatory legitimate business policy. *Garcia,* 85 S.W.3d at 368, *citing Cazarez,* 937 S.W.2d at 451. If the employer presents a legitimate non-discriminatory reason for termination, the burden shifts back to the employee to produce controverting evidence of a retaliatory motive. *Garcia,* 85 S.W.3d at 368; *Aust,* 153 S.W.3d at 228. The employee may either (1) present evidence raising a fact issue on whether the employer's stated reason was a pretext for retaliatory action, or (2) challenge the employer's summary judgment evidence as failing to prove as a matter of law that the stated reason was legitimate and nondiscriminatory. *Aust,* 153 S.W.3d at 228; *La Tier v. Compaq Computer Corp.,* 123 S.W.3d 557, 561 (Tex.App.-San Antonio 2003, no pet.).

*Discharge Based Upon Attendance Policy*

 Assuming Hernandez has established a causal link between the filing of her worker's compensation claim and her discharge, the burden shifted to AT & T to provide a non-discriminatory reason for its decision to terminate her employment. AT & T contends Hernandez was discharged due to her overall attendance record and not because she filed a worker's compensation claim. It offered evidence that Hernandez had previously filed other worker's compensation claims and had been counseled by attendance managers numerous times regarding her absences.

Because AT & T based its decision to terminate Hernandez on her overall attendance, we will detail her absences. Hernandez was first informed that her attendance was unsatisfactory in January 1994. No other references were made about her attendance until April 10, 1996. Hernandez's attendance manager informed her that her attendance was satisfactory, but cautioned that she could face disciplinary action in keeping with the first step of the company policy if another absence occurred. Hernandez filed her first worker's compensation claim in January 1997. No disciplinary action was taken by AT & T. During calendar year 1998, Hernandez missed over 100 days of work due to work-related disability. Again, no disciplinary action was taken.

On May 13, 1999, Hernandez received a letter of warning for unsatisfactory attendance. She was notified that further absences could result in disciplinary action and possibly dismissal. At this point, she had nine chargeable absences totaling 27 days within the prior twelve months. On August 12, 1999, Hernandez was informed that her attendance was still unsatisfactory and if further absences occurred, then a final letter of warning could result. This warning was given after Hernandez missed four days of scheduled work due to a broken ankle.

Hernandez was absent from September 20, 1999 until February 18, 2000 because of shoulder surgery. During this period, she unsuccessfully pursued a worker's compensation claim. On February 23, Hernandez received a final letter of warning due to unsatisfactory attendance. Hernandez successfully disputed the denial of her worker's compensation claim. Her attendance manager removed the final warning status, but kept Hernandez on a letter of warning status because her attendance was still unsatisfactory.

On April 4, 2000, another attendance conference was held because of additional absences arising from the shoulder injury. Hernandez was warned that the next step could be a final letter of warning. She missed work from April 17 to April 21 because of her daughter's medical condition. On April 25, Hernandez was again warned that her attendance was unsatisfactory and she remained at the first level of progressive discipline. Hernandez was absent May 16 to May 19 for personal reasons. Pursuant to the second level of discipline, she received a final letter of warning on May 25. She was notified that further occurrences could result in dismissal. According to company records, Hernandez had five additional chargeable absences totaling 15.9 days since the letter of warning issued on May 13, 1999. She also had 105 disability days during this time period.

On July 12, 2000, Hernandez injured her elbow at work. She was absent from July 17, 2000 until April 22, 2001. During this time, she filed a worker's compensation claim. Another counseling session was held on April 26, 2001. Attendance manager Ana Bolata told Hernandez that her attendance was unsatisfactory and reminded her that she was on final letter of

warning. Bolata encouraged Hernandez to "do everything possible to avoid additional absences as the next occurrence could result in the final step of discipline, dismissal from AT & T." Hernandez was told she would remain on final letter of warning status until October 2002.

On June 25, 2001, Hernandez attended another counseling session with her attendance manager because she had incurred a three-hour absence. Hernandez had tried to take a Health Maintenance day on a Monday which, as we have noted in the margin, was not available on Mondays. Hernandez remained on final letter of warning but was told to avoid other chargeable absences. On July 5, Hernandez filed another worker's compensation claim because she felt pain from her left thumb to her wrist. No action was taken by AT & T. On January 4, 2002, Hernandez was absent due to a bad headache. On January 15, another conference was held. Hernandez wanted to use a True–Out day for the January 4 absence but she had failed to follow the necessary procedure. Although the time off was counted as an absence, Hernandez was granted a continuance on her final letter of warning and she was encouraged not to incur any additional absences.

We come now to her most recent injury. On January 22, 2002, Hernandez injured her left wrist at work. She was absent from January 24 until February 1, and took vacation days from February 4 until February 8. She filed her comp claim and it was denied. On February 11, she met with Bolata who told her a review would be needed to determine the appropriate action to take. Hernandez told Bolata she intended to appeal the denial of her claim. Hernandez was discharged February 12.

AT & T contends Hernandez was terminated due to unsatisfactory attendance. Having examined the record, we conclude that the company provided a non-discriminatory reason for termination.

### Was the Stated Reason a Pretext for Retaliation?

■ Because AT & T established a non-discriminatory reason for discharging Hernandez, the burden shifted to Hernandez either to show AT & T's stated reason was a pretext for retaliation or to challenge AT & T's summary judgment evidence as failing to establish as a matter of law that the stated reason was legitimate and non-discriminatory. *Aust v. Conroe Indep. School Dist.*, 153 S.W.3d 222, 228 (Tex.App.-Beaumont 2004, no pet.). Hernandez contends the evidence created a genuine issue of material fact that she would not have been terminated had she not sought worker's compensation benefits. She points to the following: (1) Hernandez was terminated following her return to work after she filed a worker's compensation claim, (2) her attendance managers knew she had filed a worker's compensation claim, (3) her absence was due to an on-the-job injury, and (4) AT & T showed less lenience to Hernandez whenever she was absent due to worker's compensation claims. We disagree.

■ First, the decision to terminate Hernandez was based upon several factors, such as her tenure with the company, the history of her absences, the reasons for the absences, and previous flexibility demonstrated towards the employee. Hernandez claims that more than a scintilla of evidence exists because the reasons for her absences were considered. Although an on-the-job injury was the reason for her most recent absences, AT & T maintains and the record demonstrates that the company based its decision to terminate Hernandez on her inability to maintain satisfactory attendance. An employer's knowledge of a worker's compen-

sation claim standing alone is insufficient to raise a genuine issue of material fact. *Urquidi v. Phelps Dodge Refining Corp.*, 973 S.W.2d 400, 404 (Tex.App.-El Paso 1998, no pet.). Nor is the temporal proximity of filing a claim and an employee's discharge alone sufficient to raise a genuine issue of material fact. *Porterfield v. Galen Hosp. Corp., Inc.*, 948 S.W.2d 916, 919–20 (Tex.App.-San Antonio 1997, pet. denied).

Secondly, it was company policy to hold employees accountable for work related absences. Termination due to absences caused by a work related injury is not a *per se* violation of Section 451.001. *Palmer v. Miller Brewing Co.*, 852 S.W.2d 57, 62 (Tex.App.-Fort Worth 1993, writ denied)(an absence control policy that does not excuse work-related injuries is not a *per se* violation of Article 8307c); *Continental Coffee Products Co. v. Cazarez*, 937 S.W.2d 444, 445 (Tex.1996)(Article 8307c was repealed and codified without substantive changes at Texas Labor Code, Sections 451.001–.003).

Finally, Hernandez argues that AT & T treated her worker's compensation absences more harshly than other absences because her claim was successfully disputed. Again we disagree. Hernandez filed five worker's compensation claims during her employment with AT & T. When she filed claims in 1997 and 2001, AT & T did not take any disciplinary action. After Hernandez returned to work from her worker's compensation disability in 2002, AT & T continued her at final letter of warning and did not escalate disciplinary steps. Hernandez was also elevated to a letter of warning and eventually a final letter of warning status for absences that were unrelated to worker's compensation claims. We conclude that Hernandez has failed to produce evidence raising a genuine issue of material fact that the compa-

ny's decision to terminate her employment for violations of its attendance policy was a pretext for retaliation. Because Hernandez did not raise more than a scintilla of evidence as to this element of her claim, a no-evidence summary judgment was proper. Consequently, we need not address the propriety of the traditional summary judgment. *Aust*, 153 S.W.3d at 226 (Summary judgment will be affirmed if any of the grounds asserted are meritorious.). We overrule Issue One and affirm the judgment of the trial court.