2) Caption, civil cases






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
CRUZ SANTILLAN,                                       )                  No. 08-05-00183-CV
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  34th District Court
)
WAL-MART STORES, INC.,                            )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 2003-3583)

O P I N I O N

            This is an appeal from a summary judgment granted in favor of the employer in a wrongful
discharge suit. Cruz Santillan sued Wal-Mart, alleging the store discriminated against her because
she filed a worker’s compensation claim. Because summary judgment was proper, we affirm. 
FACTUAL SUMMARY
            Santillan was hired as an overnight stocker at Wal-Mart Store #2612 on September 8, 1999. 
On July 16, 2002, she injured her back while pulling a pallet of merchandise. On August 2,
she requested medical treatment and completed the necessary forms for the work related injury. 
Wal-Mart referred Santillan to Dr. Refaeian for medical treatment and she was diagnosed with a
lumbar sprain. She was released back to work with a twenty-pound lifting restriction. The same
day, Santillan accepted a bona fide job offer for a light duty position consistent with her doctor’s
restrictions.
            On September 4, Santillan asked to change doctors because she was dissatisfied with her
medical treatment. The request was approved, and Dr. Craighead removed Santillan from work on
September 9. On January 3, 2003, Santillan accepted another bona fide job offer for a light duty
position. She worked as a greeter until she was again taken off work from February 4 to March 10,
2003.
            Santillan is not a United States citizen. Under the Federal Immigration Reform and Control
Act (IRCA), she has permission to work in the United States through employment authorization
documents (EADS). Santillan must re-verify her employment eligibility each year prior to the
expiration of her EAD by submitting a new form to the Department of Justice. Wal-Mart’s policy
provides that if an employee fails to re-verify employment eligibility prior to the expiration date of
the EAD, the employee must be terminated. Alicia Dovali, a personnel manager, testified this policy
is applied to all Wal-Mart employees, regardless of whether the associate is on a medical leave of
absence, so that Wal-Mart will not be in violation of IRCA. If an employee provides an EAD to
verify work eligibility, the expiration date of the document is recorded on an I-9 Verification
Calendar to ensure that re-verification occurs on or before it expires. Employees are notified prior
to the expiration date that the document must be timely re-verified or the employee will be
terminated. Dovali and Rose Trejo notified Santillan that her documents would expire on
January 23, 2002, yet she failed to provide new documentation before the expiration date. She was
discharged but later re-instated when she provided an updated EAD within thirty days of the
expiration date. This extended her work eligibility until February 6, 2003. Months before the next
expiration date, Santillan was notified that her EAD would expire soon and she needed to re-verify
her eligibility. She failed to timely comply and was discharged again on February 10. She returned
to Wal-Mart around March 10 after a medical leave of absence and presented updated documents. 
At this time, she was told there were no available jobs and she was not re-instated. 
            Santillan testified that both times her EAD expired, she was informed by the store manager
she could take vacation time until the re-verified documents were received from the Department of
Justice. The first time, she brought the documents to one of the store managers within thirty days
of the expiration and she was given her job back. The second time, another store manager did not
reinstate her when she returned with the updated papers after a medical leave of absence.
SUMMARY JUDGMENT
            In her sole point of error, Santillan complains that summary judgment was improper because
she raised a genuine issue of material fact. Wal-Mart sought summary judgment on both traditional
and no-evidence grounds. The order of the trial court did not state the basis for the ruling.
Standard of Review
            The standard of review for traditional summary judgment is well established. Nixon v. Mr.
Property Management Co. Inc., 690 S.W.2d 546, 548 (Tex. 1985). The moving party carries the
burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter
of law. Browning v. Prostok, 165 S.W.3d 336, 344 (Tex. 2005); Nixon, 690 S.W.2d at 548; Duran
v. Furr’s Supermarkets, Inc., 921 S.W.2d 778, 784 (Tex.App.--El Paso 1996, writ denied). Evidence
favorable to the non-movant will be taken as true in deciding whether there is a disputed issue of
material fact. Fort Worth Osteopathic Hosp., Inc. v. Reese, 148 S.W.3d 94, 99 (Tex. 2004); Nixon,
690 S.W.2d at 548-49; Duran, 921 S.W.2d at 784. All reasonable inferences, including any doubts,
must be resolved in favor of the non-movant. Id.; Nixon, 690 S.W.2d at 548-49; Duran, 921 S.W.2d
at 784. The question on appeal is not whether the summary judgment proof raises fact issues as to
required elements of the movant’s claim, but whether the summary judgment proof establishes there
is no genuine issue of material fact as a matter of law as to one or more elements of the movant’s
claim. Gibbs v. General Motors Corp., 450 S.W.2d 827, 828 (Tex. 1970); Duran, 921 S.W.2d at
784. 
            When the movant is the defendant and provides summary judgment evidence disproving at
least one essential element of the plaintiff’s cause of action, summary judgment should be granted. 
Randall’s Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995); Provencio v. Paradigm
Media, Inc., 44 S.W.3d 677, 680 (Tex.App.--El Paso 2001, no pet.); Duran, 921 S.W.2d at 784;
Stoker v. Furr’s, Inc., 813 S.W.2d 719, 721 (Tex.App.--El Paso 1991, writ denied). “Likewise, a
defendant who conclusively establishes each element of an affirmative defense is entitled to
summary judgment.” Id.; Provencio, 44 S.W.3d at 680. If this burden is met by the defendant, then
“the plaintiff must then raise a genuine issue of material fact on the negated element of the cause of
action or must produce evidence raising a general issue of material fact in avoidance of the
affirmative defense.” Provencio, 44 S.W.3d at 680; Milam v. National Ins. Crime Bureau, 989
S.W.2d 126, 130 (Tex.App.--San Antonio 1999, no pet.).
Wrongful Discharge
            An employer is prohibited from discharging or discriminating against an employee for filing
a worker’s compensation claim in good faith. Tex.Labor Code Ann. § 451.001 (Vernon 2006);
Hernandez v. American Tel. and Tel. Co., No. 08-05-00150-CV, 2006 WL 1132903, at *2
(Tex.App.--El Paso Apr. 27, 2006, no pet.). To prevail on an action for wrongful termination, the
plaintiff must establish a causal connection between the discharge and the employee’s good faith
filing of a claim under the Texas Worker’s Compensation Act. Tex.Labor Code Ann. §
451.001(1); Quanaim v. Frasco Restaurant & Catering, 17 S.W.3d 30, 45-46 (Tex.App.--Houston
[14th Dist.] 2000, writ denied); America West Airlines v. Tope, 935 S.W.2d 908, 912 (Tex.App.--El
Paso 1996, writ dism as moot). To establish causation, Santillan must prove that “but for” the filing
of her worker’s compensation claim, the discriminatory action would not have occurred when it did. 
Continental Coffee Products Co. v. Cazarez, 937 S.W.2d 444, 450-51 (Tex. 1996); Hernandez, 2006
WL 1132903, at *2; Garcia v. Levi Strauss & Co., 85 S.W.3d 362, 368 (Tex.App.--El Paso 2002,
no pet.). A causal link may be established by either direct or circumstantial evidence. Cazarez, 937
S.W.2d at 451. Sufficient circumstantial evidence may include: (1) knowledge of the compensation
claim by those making the decision to terminate; (2) expression of a negative attitude toward the
employee’s injured condition; (3) failure to adhere to established company policies; (4)
discriminatory treatment in comparison to similarly situated employees; and (5) evidence that the
stated reason for the discharge was false. Hernandez, 2006 WL 1132903, at *2; Garcia, 85 S.W.3d
at 367, citing Cazarez, 937 S.W.2d at 451. It is not necessary that the worker’s compensation claim
be the sole cause of the termination. Garcia, 85 S.W.3d at 368. 
            Once the employee has established a causal link, the burden shifts to the employer to show
that the decision to terminate was based upon a non-discriminatory legitimate business policy. 
Hernandez, 2006 WL 1132903 at *2; Cazarez, 937 S.W.2d at 451. If the employer is able to do so, 
the burden shifts back to the employee to produce controverting evidence of a retaliatory motive. 
Hernandez, 2006 WL 1132903 at *2; Garcia, 85 S.W.3d at 368. The employee may meet this
burden by presenting evidence that raises a fact issue on whether the employer’s stated reason was
a pretext for retaliatory action, or by challenging the employer’s summary judgment evidence as
failing to prove as a matter of law that the stated reason was legitimate and non-discriminatory. 
Hernandez, 2006 WL 1132903 at *2; La Tier v. Compaq Computer Corp., 123 S.W.3d 557, 561
(Tex.App.--San Antonio 2003, no pet.).
Legitimate Non-Discriminatory Reason
            Wal-Mart contends Santillan was fired because she failed to provide necessary employment
documents in a timely manner and not because she filed a worker’s compensation claim. Under both
IRCA and Wal-Mart policy, a non-citizen who has a time-limited work authorization must have the
EAD re-verified on or before its expiration date.
            As part of a comprehensive immigration policy, IRCA has established an extensive
“employment verification system” to prevent those who are not authorized to work from being
employed. 8 U.S.C.S. §§ 1324a(a)(1), 1324a(h)(3). The Act requires employers to verify the
identity and eligibility of all prospective new hires. 8 U.S.C.S. § 1324a(b). If a non-citizen becomes
unauthorized to work while employed, the employer is required to discharge the employee when 
ineligibility is discovered. 8 U.S.C.S. § 1324a(a)(2). Employers found to be in violation of the Act
may be punished through civil fines and possible criminal prosecution. 8 U.S.C.S. §§ 1324a(a)(2),
1324a(f)(1). 
            Santillan was warned by Wal-Mart prior to the expiration of her EAD that she needed to re-verify her documentation. She knew it was a condition of employment to keep her documentation
current and that failure to do so required termination. Because Santillan did not timely produce an
updated EAD, Wal-Mart enforced it policy. We conclude that Wal-Mart has provided a legitimate
and non-discriminatory reason for termination.
Motive for Retaliation
            The burden then shifted to Santillan to prove Wal-Mart’s stated reason for termination was
a pretext for retaliation, or to challenge Wal-Mart’s summary judgment evidence as failing to
establish as a matter of law that the reason was legitimate and non-discriminatory. Hernandez, 2006
WL 1132903, at *4; Aust v. Conroe Indep. School Dist., 153 S.W.3d 222, 228 (Tex.App.--Beaumont
2004, no pet.); Lozoya v. Air Systems Components, Inc., 81 S.W.3d 344, 348 (Tex.App.--El Paso
2002, no pet.). Santillan claims her termination was retaliatory because (1) Wal-Mart had
knowledge of her worker compensation claim, (2) the company failed to adhere to its established
company policy, and (3) the company’s stated reason for termination was false.
            Wal-Mart conceded it had knowledge of Santillan’s worker’s compensation claim. But “an
employer’s knowledge of a workers’ compensation claim standing alone is insufficient to raise a
genuine issue of material fact.” Hernandez, 2006 WL 1132903 at *4; Urquidi v. Phelps Dodge
Refining Corp., 973 S.W.2d 400, 404 (Tex.App.--El Paso 1998, no pet.). As to company policy,
Santillan complains it was not uniformly enforced because she was told by store managers that she
could take vacation until her new EAD arrived. Yet her deposition testimony reveals that she knew
on both occasions her employment had been terminated. She knew an updated EAD was required
for employment and that if her EAD expired, she would be terminated. Santillan also admitted she
didn’t know of anyone who was allowed to remain employed without a valid EAD. We conclude
that Santillan has raised no more than a scintilla of evidence that the policy was not uniformly
enforced.
            Santillan next claims that Wal-Mart’s stated reason for termination was false. She argues
that Wal-Mart gave two additional reasons for her discharge. First, she was discharged because no
jobs were available. Under Wal-Mart’s policy, an employee who fails to timely renew their expired
EAD is voluntarily terminated but is eligible for re-hire. When Santillan allowed her EAD to expire
in 2002, she was re-instated after her EAD had been updated. She was terminated again on
February 10, 2003 for failing to timely renew her expired EAD. When she tried to return to work
from a medical leave of absence sometime in early March, Wal-Mart was experiencing a hiring
freeze. She was informed by a manager that there were no jobs available. 
            Failure to re-instate an employee due to the unavailability of work is not evidence that Wal-Mart’s reason for discharge was false. This evidence only goes to show why she was not re-instated
as opposed to showing why she was terminated. Moreover, Santillan presented no evidence that
Wal-Mart had hired any other employees during the freeze. This evidence does not establish the
falsity of Wal-Mart’s explanation. 
            Finally, Santillan claims that Wal-Mart gave a different reason when responding to her
unemployment benefits claim. She sought unemployment benefits from the Texas Workforce
Commission following her termination. According to one of the store managers, Wal-Mart routinely
disputes all unemployment claims. In disputing Santillan’s claim, the company stated she was
terminated for “misconduct.” Santillan contends this establishes that the stated purpose of discharge
was false. We disagree.
            Under the Labor Code, termination for misconduct disqualifies the individual from receiving
unemployment benefits. Tex.Lab.Code Ann. § 207.044 (Vernon 2006); Kellum v. Texas Workforce
Com’n, 188 S.W.3d 411, 413 (Tex.App.--Dallas 2006, no pet.). The statute defines misconduct:
(a) ‘Misconduct’ means mismanagement of a position of employment by action or
inaction, neglect that jeopardizes the life or property of another, intentional
wrongdoing or malfeasance, intentional violation of a law, or violation of a policy or
rule adopted to ensure the orderly work and the safety of employees.

Tex.Lab.Code Ann. § 201.012. Conduct constituting good cause for termination does not
necessarily correspond with conduct that would disqualify one from obtaining unemployment
benefits. See Collingsworth General Hosp. v. Hunnicutt, 988 S.W.2d 706, 709 (Tex. 1998); Grogan
v. Savings of America, Inc., 118 F.Supp.2d 741, 752 (S.D.Tex. 1999); Kellum, 188 S.W.3d at 414. 
Santillan’s failure to produce an EAD in a timely manner violated store--a policy which was
mandated by federal law. It could therefore be considered misconduct even though the Texas
Workforce Commission did not deny unemployment benefits. See Hunnicutt, 988 S.W.2d at 709
(not every violation of an employer’s company policy will automatically trigger the denial of
unemployment benefits, but an employee’s intentional violation of the law is one example of how
employee conduct can amount to misconduct under the statute). Because Santillan has not shown
that the “misconduct” stated in the letter to the Texas Workforce Commission is anything other than
her failure to produce an EAD in a timely manner, she has not established that Wal-Mart’s reason
for termination was false.
            We thus conclude that summary judgment was properly granted on traditional summary
judgment grounds. Consequently, we need not address the propriety of the no-evidence summary
judgment. Hernandez, 2006 WL 1132903, at *5, citing Aust, 153 S.W.3d at 226 (summary judgment
will be affirmed if any of the grounds asserted are meritorious). Finding no error, we overrule the
sole issue for review and affirm the judgment of the trial court. 


August 31, 2006                                                          
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.